IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GLORIA D. OWENS/MITCHELL;
and THEODIS VINCENT                                                          PLAINTIFFS

v.                              No. 4:14-cv-126-DPM

DANNY BURL, Warden; WILLIAM IVORY,
Sergeant; H. WILLIAMS, Sergeant; ERIC PHARR;
T. MCDOWELL; STEPHANIE HARRIS; BARNES,
Captain; WILLIAMS, Major; and STATE
OF ARKANSAS                                                                  DEFENDANTS

ORDER

Most of the Defendants move to dismiss, arguing that all Plaintiffs' claims arising from Theodis Vincent's death are now time-barred. Plaintiffs have not responded to the motion, but allege in the complaint that Vincent died in ADC custody in April 2008. № 1 at 3. The complaint includes, on a liberal reading, § 1983 claims for wrongful death, survival, and personal injury to Vincent. № 1. The claims are made in constitutional terms—deliberate indifference, excessive force, and failure to train and supervise. № 1 at 3–4. However the claims are labeled, Arkansas law

provides the limitation period. *Montin v. Estate of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011).

Plaintiffs' survival, wrongful death, and personal injury claims against these non-medical Defendants must be brought within three years after accrual. ARK. CODE ANN. § 16-62-101; ARK. CODE ANN. § 16-62-102(c)(1); ARK. CODE ANN. § 16-56-105(3); *see also Williams v. Bradshaw*, 459 F.3d 846, 847 (8th Cir. 2006)(Morris S. Arnold, J.). The limitations period ran in April 2011, three years after Vincent's death. This complaint was filed in February 2014. All these claims therefore fail as a matter of law: they're time-barred. The non-moving Defendants are entitled to this common defense. All claims are untimely against all Defendants.

\* \* \*

Motions to dismiss, № 11 & 14, granted.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

7 May 2014